IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-206-D

| | |
|---|---|
| JOY L. KUREK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) **MEMORANDUM &** |
| | ) **RECOMMENDATION** |
| | ) |
| ANDREW J. BURROUGHS, | ) |
| CATTARAUGUS COUNTY FAMILY | ) |
| COURT, OLEAN, NY, | ) |
| | ) |
| Defendants. | ) |

This pro se case is before the court on the application by Plaintiff Joy L. Kurek to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable James C. Dever III, Chief United States District Judge. For the reasons set forth below, the undersigned determines that this court is without jurisdiction over Plaintiff's claims and, therefore, recommends that Plaintiff's complaint be dismissed in its entirety.

## IFP APPLICATION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The application to proceed *in forma pauperis* originally filed by Plaintiff on December 23, 2015, was not properly completed and contained inconsistencies concerning the amount of income earned by Plaintiff and her spouse. Accordingly, Plaintiff was ordered to refile a corrected application. On May 23, 2016, Plaintiff filed a second application to proceed *in forma pauperis*. In this application, Plaintiff listed average monthly household income of $13,991.72 during the twelve-month period preceding her application. However, other information contained within Plaintiff's application again appears inconsistent with the stated income. Due to these inconsistencies, the undersigned remains unable to determine whether Plaintiff meets the criteria to proceed without prepayment of fees. However, a review of Plaintiff's proposed complaint reveals that this court is without jurisdiction over Plaintiff's claims and, therefore, recommends that Plaintiff's claims be dismissed.

## DISCUSSION

### I. Plaintiff's Claims

Plaintiff seeks to sue the Cattaraugus County Family Court ("Family Court") and Andrew Burroughs, the father of her minor child. Her grievance arises from custody proceedings in Family Court. Plaintiff alleges that a Family Court judge "illegally ordered the removal of [the minor child] from the legal and proper care of the Plaintiff and illegally granted sole custody of minor child to the father." (Prop. Compl. [DE #1-1] at 2.) Plaintiff asks that this court stay the Family Court proceedings, order the return of the minor child to North Carolina and grant Plaintiff temporary custody of the minor child. (Prop. Compl. at 3.)

## II. Standard of Review

Notwithstanding a plaintiff's eligibility to proceed *in forma pauperis*, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Moreover, Rule 12 of the Federal Rules of Civil Procedure requires a court to dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. *Rooker-Feldman* Bar

Setting aside any issues related to the Family Court's legal capacity to be sued, Plaintiff's claims against Burroughs and the Family Court should be dismissed for

3

lack of subject matter jurisdiction. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

Plaintiff's claims are a direct challenge of the Family Court's custody orders. This court lacks jurisdiction over those claims, as Plaintiff's right to appeal the Family Court's rulings would lie in the New York appellate courts and, thereafter, to the United States Supreme Court. Because this court is without jurisdiction to review the judicial actions of the Family Court, Plaintiff's complaint should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, it is assumed that Plaintiff meets the criteria for proceeding *in forma pauperis* but it is nevertheless RECOMMENDED that Plaintiff's complaint be DISMISSED for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **September 16, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the

4

Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 30th day of August 2016.

                                                    */s/ Kimberly A. Swank*
                                                  KIMBERLY A. SWANK
                                                  United States Magistrate Judge